IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LINDSEY HOYT, INDIVIDUALLY, §
AND INDEPENDENTLY AS §
ADMINISTRATOR OF THE ESTATE OF §
JEFFERY HOYT AND AS NEXT FRIEND §
OF JOEL HOYT, EVAN HOYT, AND §
KATIE HOYT, ET AL., §
 §
Plaintiffs, §
 §
VS. § NO. 4:17-CV-780-A
 §
THE LANE CONSTRUCTION §
CORPORATION, §
 §
Defendant. §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the emergency motion of plaintiffs, Lindsey Hoyt, individually and independently as Administrator of the Estate of Jeffery Hoyt and as next friend of Joel Hoyt, Evan Hoyt, and Katie Hoyt, and Patrick Hoyt and Mary Hoyt, to remand. The court, having considered the motion, the response of defendant, The Lane Construction Corporation, the reply, the record, and applicable authorities, finds that the motion should be denied.

I.

### Background

On September 20, 2016, plaintiffs filed their original petition in the 271st Judicial District Court of Wise County, Texas, naming The Lane Construction Corporation ("Lane"), Storm

Water Management, Inc. ("Storm"), and C.E.N. Concrete Construction Co., Inc. ("C.E.N.") as defendants. Plaintiffs alleged that their husband and father, Jeffery Hoyt, was killed when his automobile slid off a highway into a pool of water created due to construction activities of defendants.[1]

On September 27, 2017, Lane filed its notice of removal, bringing the action before this court. According to Lane, the action became removable as a result of the state court's having granted summary judgment in favor of C.E.N. on May 17, 2017, and the plaintiffs' voluntary dismissal of Storm on September 22, 2017. (The action was nonremovable when it was filed because both C.E.N. and Storm are Texas citizens.)

Lane acknowledges that the notice of removal was filed more than one year after the case was originally filed, but argues that plaintiffs acted in bad faith to prevent Lane from removing the case prior to the one year deadline. Specifically, Lane says that plaintiffs delayed filing their nonsuit of Storm to thwart removal. Lane argues that the removal deadline should be equitably tolled as was done in Lawson v. Parker Hannifin Corp., No. 4:13-CV-923-O, 2014 WL 1158880 (N.D. Tex. Mar. 20, 2014).

---

[1] It appears that the petition has twice been amended and additional plaintiffs, the parents of Jeffery Hoyt, added.

II.

## Ground of the Motion

Plaintiffs urge that the action must be remanded to state court because the notice of removal was filed more than one year after plaintiffs commenced the action. 28 U.S.C. § 1446(c)(1).

III.

## Applicable Law

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action of which the federal district court would have original jurisdiction.[2] "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns . . . which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved

---

[2] The removal statute provides, in pertinent part, that: [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a) (emphasis added).

3

against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

When removal is based on diversity of citizenship, the notice must be filed within one year after commencement of the action, "unless the court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). As plaintiffs note, some courts have described § 1446(c)(1) as codifying the possibility of equitable tolling recognized by the Fifth Circuit in Tedford v. Warner-Lambert Co., 327 F.3d 423 (5th Cir. 2003). See, e.g., Fruge v. Burlington Resources Oil & Gas Co., LP, No. 2:14-CV-2382, 2015 WL 4134992, at *2 (W.D. La. July 7, 2015); Gonzales South Tex. Elec. Corp. v. Jeffrey C. Stone, Inc., No. H-14-2216, 2014 WL 7172437, at *3 n.4 (S.D. Tex. Dec. 12, 2014).

IV.

Analysis

Plaintiffs admit that they filed their nonsuit as to Storm after the one-year anniversary of the filing of their original petition. They argue that there were strategic reasons for the last-minute filing of the nonsuit, but the affidavit they rely on is conclusory. The timing of the alleged discussions with Storm and of strategy sessions regarding trial is suspiciously absent. And, the evidence submitted by Lane shows that plaintiffs knew

4

months beforehand that the evidence would not support the claims against Storm. Contrary to plaintiffs' allegation, Lane has not asserted that Storm is partially responsible for plaintiffs' injuries; rather, Lane simply invoked chapter 33 of the Texas Civil Practice & Remedies Code "to the extent necessary." Doc. 1-1 at Page ID 749 (page 743 of 854). Importantly, Lane has not asserted any claims against Storm.

Plaintiffs further argue that this is "precisely the type of dilatory removal the statute is intended to prevent." Doc. 5 at 4. The record reflects, however that Lane filed its notice of removal five days after plaintiffs nonsuited Storm. Nonsuit on the eve of trial is a reason to toll the one-year removal period. Lawson, 2014 WL 1158880, at *5-6; Shiver v. Sprintcom, Inc., 167 F. Supp. 2d 962, 963-64 (S.D. Tex. 2001). This is not a case like those cited by plaintiffs where the defendant could have removed well before the deadline for doing so. See Vielma v. ACC Holding, Inc., No. EP-12-CV-501-KC, 2013 WL 3367494 (W.D. Tex. Apr. 16, 2013)(removability revealed on face of plaintiff's petition); Sanchez v. American Motorists Ins. Co., No. 1:12-CV-31, 2012 WL 2122194 (S.D. Tex. Jun 11, 2012)(where defendant had eleven days in which to file a notice of removal before the deadline ran but failed to do so).

5

V.

Order

The court ORDERS that plaintiffs' emergency motion to remand be, and is hereby, denied.

SIGNED October 5, 2017.

_____
JOHN McBRYDE
United States District Judge