

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LINDSEY HOYT, INDIVIDUALLY, §
AND AS INDEPENDENT §
ADMINISTRATOR OF THE ESTATE OF §
JEFFERY HOYT AND AS NEXT FRIEND §
OF JOEL HOYT, EVAN HOYT, AND §
KATIE HOYT, ET AL., §
 §
Plaintiffs, §
 §
VS. § NO. 4:17-CV-780-A
 §
THE LANE CONSTRUCTION §
CORPORATION, §
 §
Defendant. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, The Lane Construction Corporation, for summary judgment. The court, having considered the motion, the response of plaintiffs, Lindsey Hoyt, individually and as Independent Administrator of the Estate of Jeffery Hoyt; Joel Hoyt, Evan Hoyt, and Katie Hoyt, each suing through Lindsey Hoyt as next friend; and Patrick Hoyt and Mary Hoyt, the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiffs' Claims

Plaintiffs' claims arise out of the death of Jeffery Hoyt ("Hoyt"), who drowned on December 29, 2015, after his vehicle slid on a patch of ice and flipped, landing in a pool of water

adjacent to a culvert on FM 2264 in Wise County, Texas. At the time of the accident, FM 2264 was under construction and defendant was the general contractor for the Texas Department of Transportation ("TxDOT"). Plaintiffs contend that defendant is liable for Hoyt's death.

II.

## Grounds of the Motion

Defendant urges three grounds in support of its motion.[1] First, defendant is immune from liability under section 97.002 of the Texas Civil Practice and Remedies Code. Second, plaintiffs' premises liability claim fails as a matter of law. And, third, plaintiffs cannot prevail on their gross negligence claim.

III.

## Applicable Legal Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material

---

[1] The "summary" section of both the motion and the memorandum in support of the motion identifies six issues, but items 2-5 are reasons why plaintiffs cannot prevail on their premises liability claim.

2

fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986).
The movant can discharge this burden by pointing out the absence
of evidence supporting one or more essential elements of the
nonmoving party's claim, "since a complete failure of proof
concerning an essential element of the nonmoving party's case
necessarily renders all other facts immaterial." Id. at 323.
Once the movant has carried its burden under Rule 56(a), the
nonmoving party must identify evidence in the record that creates
a genuine dispute as to each of the challenged elements of its
case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party
asserting that a fact . . . is genuinely disputed must support
the assertion by . . . citing to particular parts of materials in
the record . . . ."). If the evidence identified could not lead
a rational trier of fact to find in favor of the nonmoving party
as to each essential element of the nonmoving party's case, there
is no genuine dispute for trial and summary judgment is
appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy
Sys., Inc. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits,
> interrogatories, admissions, and depositions could not,
> as a whole, lead a rational trier of fact to find for
> the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[2] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

IV.

Analysis

A.   Immunity

Section 97.002 of the Texas Civil Practice and Remedies Code provides:

> A contractor who constructs or repairs a highway, road, or street for the Texas Department of Transportation is not liable to a claimant for personal injury, property damage, or death arising from the performance of the construction or repair if, at the time of the personal injury, property damage, or death, the contractor is in compliance with contract documents material to the condition or defect that was the proximate cause of the personal injury, property damage, or death.

Tex. Civ. Prac. & Rem. Code Ann. § 97.002 (West 2011). Thus, a TxDOT contractor who is in substantial compliance with TxDOT's contract documents is immune from liability for injury resulting

---

[2]In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

4

from its work. Brown v. RK Hall Constr., LTD., 500 S.W.3d 509, 511 (Tex. App.--Texarkana 2016, pet. denied). When analyzing whether the contractor substantially complied with the contract documents, the focus is on provisions material to the condition or defect that caused the plaintiff's injuries. Id. at 514. That TxDOT inspected the work site on a daily basis and did not inform the contractor that it was out of compliance is significant. Id. at 512.

Here, the summary judgment evidence establishes that defendant was in substantial compliance with its contract with TxDOT material to the condition or defect alleged to have caused the decedent's injuries. Defendant did everything to follow TxDOT plans. Doc. 41 at 68. TxDOT had inspectors on site each day and neither of them ever pointed out any concerns with defendant's work at culvert 8 or the pool at culvert 8, the area where the accident occurred. Doc. 41 at 125-29; 154-55; 156. Work done on October 27, 2015, was not itself negligently done, but was to correct earlier work.[3] Id. at 92; 130-31. If drainage at culvert 8 had not been maintained, TxDOT inspectors would have brought it to the engineer's attention. Id. at 133. That is, they would have

---

[3] There is no indication that this work even pertained to the area where the accident occurred or was somehow material to the condition or defect that caused Hoyt's injuries. Doc. 41 at 132.

pointed out a concern about water flowing across the road, but they never did so. Id. 146-47.

Plaintiffs say that when defendant stopped work in 2015, it failed to stabilize the area, but they only point to the contract, not to evidence that defendant failed to comply. Doc. 46 at 198. In addition, they cite to an email reflecting that work performed on October 27, 2015, would not be compensated. Id. at 199-201. As the engineer explained, that work was remedial, Doc. 41 at 130-31, and the record does not reflect that defendant was still out of compliance between that time and the time of the accident. Plaintiffs also refer to an inspection report dated January 15, 2016, id. at 202-11, but not to any evidence showing that the report has any relevance to the condition or defect that allegedly caused their injuries. Finally, they refer to an email pertaining to rock filter dams, id. at 212-14, but, again, do not cite to any evidence to connect the rock filter dams to the injuries.

B. Premises Liability

Plaintiffs are pursuing a premises liability cause of action and concede that Hoyt was a licensee at the time of his death. Doc. 45 at 15. To establish their cause of action, plaintiffs must show: an unreasonably dangerous condition existed; defendant actually knew of the condition; Hoyt did not actually know of the

condition; defendant breached a duty of ordinary care to protect Hoyt from the condition; and, defendant's breach was a proximate cause of Hoyt's injuries. State Dep't of Highways & Pub. Transp. v. Payne, 838 S.W.2d 235, 237 (Tex. 1992). Defendant contends that plaintiffs cannot show that an unreasonably dangerous condition existed; nor can plaintiffs show that defendant actually knew of such condition and Hoyt did not know of it. And, defendant says that the pool of water at culvert 8 did not constitute an unreasonably dangerous condition.

In Texas, a natural formation of ice is not an unreasonably dangerous condition. Scott & White Mem. Hosp. v. Fair, 310 S.W.3d 411, 412 (Tex. 2010). A natural formation is one that accumulates without the assistance or involvement of unnatural contact. Id., 310 S.W.3d at 414. Natural precipitation that freezes on a roadway after a winter storm is a natural formation. Id. Where the ice itself does not conceal a defect but is itself the defect, it is not unnatural. Callahan v. Vitesse Aviation Servs., 397 S.W.3d 342, 353 (Tex. App.--Dallas 2013, no pet.).

Here, plaintiffs allege that defendant's actions caused a diversion of water across the roadway. The summary judgment evidence they cite, however, does not raise a genuine fact issue as it is speculative and conclusory. See, e.g., Doc. 46 at 216. They do not address the source of the water itself or how it came

7

to be higher than the roadway so as to flow across it.[4] The evidence shows that defendant did not change the flow of the ditches. Doc. 41 at 187. TxDOT did not notice water flowing across the road and its inspectors did not report that defendant did anything to cause water to flow across the road. Id. at 146-49. In sum, there is no probative evidence that defendant's action made ice accumulate in an unnatural way.[5] Scott & White, 310 S.W.3d at 419. Precipitation fell and ice accumulated as the result of meteorological forces of nature. See Doc. 41 at 37 ("freezing temperatures and previous days [sic] melting snow caused a large ice patch in the corner before the creek bridge").

Defendant urges that, even if it somehow caused the ice to form, defendant did not have actual knowledge of a dangerous premises condition at the time of Hoyt's accident. The duty to warn licensees of a dangerous condition arises only when the licensor has actual, not merely constructive, knowledge of the condition. City of Corsicana v. Stewart, 249 S.W.3d 412, 414-15 (Tex. 2008); State v Tennison, 509 S.W.2d 560, 562 (Tex. 1974).

---

[4]Plaintiffs' crash reconstructionist testified that at the place water flowed onto the roadway, the shoulder was sloped away from the road at a 1.3 degree slope and that it was only when the water got to a "certain level" that it would flow across the roadway. Doc. 41 at 235. Plaintiffs have not pointed to any evidence to show that defendant created the condition that caused water to reach that "certain level." Plaintiffs' engineering expert simply relied on the scans taken by the crash reconstructionist. Doc. 46 at 216.

[5]Water would have drained from east to west because of the super elevation and the curve of the road. Doc. 41 at 146.

In response to this ground, plaintiffs cite to testimony that has nothing to do with ice on the road. The hazard referenced in the testimony plaintiffs' cite is the curve in the road and a concern of defendant that its employees would be in danger while working in the culvert. Doc. 46 at 225, 227-28; Doc. 41 at 49, 62-63, 67, 105, 185.[6] There is no evidence to raise a genuine fact issue as to whether defendant had actual knowledge of ice on the road on December 29, 2015.[7] See Price Constr., Inc. v. Castillo, 147 S.W.3d 431, 436-37 (Tex. App.--San Antonio 2004), pet. denied, 209 S.W.3d 90 (Tex. 2005); Gilbert v. Gilvin-Terrill, Ltd., No. 07-07-0206-CV, 2008 WL 2405936 (Tex. App.--Amarillo June 12, 2008, no pet.).

Plaintiffs additionally attempt to establish that the culvert itself was an unreasonably dangerous condition. The summary judgment evidence establishes that the culvert existed and water pooled there before construction commenced. See, e.g., Doc. 41 at 190-91. Defendant's concern was that the culvert was very close to the edge of the road and its employees would be in harms' way while working. Id. at 105. More importantly, hazards

---

[6]The court does not understand the significance of the citation to Doc. 46 at 226. The first and second questions do not appear to be related and the witness's confusion is apparent from the exchange. In any event, this excerpt does not establish or tend to establish defendant's knowledge regarding ice on the road the day of the accident.

[7]Plaintiffs themselves point out that the TxDOT maintenance crew that drove the roads the day of the accident said that the roads were clear. Doc. 46 at 63-64.

9

off the roadway are not unexpected and unusual because the ordinary driver is "not expected to careen uncontrollably off the paved roadway." Denton Cty. v. Beynon, 283 S.W.3d 329, 331-32 (Tex. 2009). Plaintiffs have not shown that defendant knew that the culvert was unreasonably dangerous or that it had a duty to warn Hoyt regarding same.

C.  Gross Negligence

Defendant finally contends that it is entitled to summary judgment on plaintiffs' gross negligence claim. To establish gross negligence, plaintiffs must show by clear and convincing evidence both that (1) viewed objectively from defendant's standpoint at the time it occurred defendant's act or omission involved an extreme degree of risk considering the probability and magnitude of the potential harm to others, and (2) defendant had actual, subjective awareness of the risk but proceeded with conscious indifference to the rights, safety, or welfare of others. Tex. Civ. Prac. & Rem. Code § 41.001(11); U-Haul Int'l v. Waldrip, 380 S.W.3d 118, 137 (Tex. 2012). Plaintiffs make a perfunctory response to this ground but fail to show that defendant had both objective and subjective awareness that its own acts or omissions posed a likelihood of serious injury to Hoyt.

V.

Order

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiffs take nothing on their claims against defendant; and, that such claims be, and are hereby, dismissed with prejudice.

SIGNED February 7, 2018.

_____
JOHN McBRYDE
United States District Judge